# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:22-CV-049-DCK

| | |
|---|---|
| VIZA ELECTRONICS, LLC, )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>)<br>)<br>PARADIGM CLINICAL RESEARCH )<br>INSTITUTE, INC., RAM DANDILLAYA, )<br>MD, and JUAN DE BORBON Y DE )<br>ROJAS, (a/k/a JON ROJAS), )<br>)<br>**Defendants.** )<br>) | **CONSENT CONFIDENTIALITY AND PROTECTIVE ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Joint Motion For Consent Confidentiality And Protective Order" (Document No. 32) filed February 13, 2023. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and immediate review is appropriate.

Documents and information have been requested by Plaintiff and Defendant in discovery in the above-captioned proceeding, which relate to financial, proprietary, and other sensitive business and commercial information, as well as individuals' personally identifying information (collectively "Confidential Documents and Information"), and the parties to this Consent Protective Order ("Parties") have stipulated that such discovery material is and should be treated as confidential, and have agreed to the terms of this Order.

**IT IS, THEREFORE, ORDERED** in the exercise of the Court's discretion and the inherent power of the Court to do all things that are reasonably necessary for the proper administration of justice in the matters before the Court, that the following terms and provisions

shall govern the Confidential Documents and Information sought by the Parties in this action:

1. **"Confidential Documents and Information"** as used in this Order shall be construed to include the documents and things so marked, their content, their substance and the information contained in or gleaned from them. The term shall also be construed to include any summaries, quotes, excerpts, and/or paraphrases, of the Confidential Documents and Information, captured in any form of medium, including but not limited to, electronic image, e-mail, photocopy, or re-production therein. If information contained or found in "Confidential Documents and Information" is also obtained from an independent, non-privileged, non-confidential source, such information is expressly excluded from consideration as "Confidential Documents and Information" under the terms of this Confidentiality and Protective Order.

2. **Marking of Confidential Documents**. Confidential Documents and Information may only be marked as "CONFIDENTIAL," "PROTECTED BY COURT ORDER," or similarly descriptive language along the edges or borders of the documents. Such markings shall in no way cover the printed content of a Confidential Document. Watermarks or other markings that interfere with the production of accurate and legible copies of the documents shall not be permitted. The inadvertent failure to mark any information, document, or material pursuant to this Order, as "Confidential", shall not constitute a waiver of any otherwise valid claim for protection, so long as the claim is made within (15) days of production of the discovery.

3. **Treatment of Confidential Documents and Information.** Confidential Documents and Information shall be made available only to "Qualified Persons" and only under the terms and conditions of this Order. The persons described in Paragraphs 3a., 3.b., 3.c., and 3.d. are automatically deemed to be "Qualified Persons," and the persons described in Paragraph 3.e., 3.f., and 3.g. are deemed "Qualified Persons" only after they have complied with the truthful

execution of a Declaration of Compliance with Protective Order, as set forth below:

    a.    This Court, officers of this Court involved in this lawsuit, and court reporters and videographers involved in any depositions taken in this case;

    b.    Counsel of record for the parties to this lawsuit;

    c.    Those paralegals, legal assistants and law clerks who are employed by and assisting counsel of record during the pendency of this action;

    d.    The officers, directors, and in-house counsel for Defendants; or the Plaintiff;

    e.    Any expert or consultant who has been retained or specially employed by a party to this action; and,

    f.    Journalists and members of the media are expressly <u>prohibited</u> from claiming status as a Qualified Person without prior notice and an opportunity to be heard by all parties.

    g.    Any other person upon the written agreement of the party who produced or disclosed the "Confidential" information (which written agreement may be recorded on a deposition or other transcript), or pursuant to court order.

4.    **Declarations of Compliance with Protective Order.**  Before any Confidential Documents and Information can be disclosed to persons described in Paragraph 3.e., 3.f., or 3.g., counsel for the revealing party shall ensure that the person has read this entire Protective Order, has agreed to its terms and to be subject to the jurisdiction of this Court for purposes of enforcing this Protective Order, and has truthfully executed a Declaration of Compliance with Protective Order, the form of which must follow **Exhibit A**, which is attached hereto and incorporated by

reference. Counsel for the revealing party shall maintain such Declarations of Compliance with Protective Order.

All persons authorized by this Order to receive Confidential Documents and Information shall maintain such information as confidential in accordance with this Order, and shall use such information solely for the purpose of preparing for and conducting the above-captioned litigation, and neither Confidential Documents and Information nor the contents thereof shall be used for any business, commercial, or competitive purposes.

All persons or entities who are not a party to this Order who are to receive Confidential Documents and Information under this Order (other than the Court and court reporters), including all Qualified Persons, shall be provided with a copy of this Order.

5. **Disclosure.** In the event that Confidential Documents and Information is, either advertently or inadvertently, disclosed to someone not authorized to receive such information under this Order, or if a person so authorized breaches any of his obligations under this Order, counsel of record for the disclosing or breaching party shall immediately give notice of such unauthorized disclosure or breach to counsel of record for the party who initially produced the Litigation Materials, and also shall disclose the circumstances of the unauthorized disclosure or breach.

6. **Objections to Confidential Treatment.** If any party objects to the designation of any documents or information as "Confidential," the party shall state the objection by letter to counsel for the party making the designation. If the parties are then unable to resolve the objection, any party may move the Court to do so. Until the Court rules on any such motion, the documents or information in dispute shall continue to be deemed "Confidential" under the terms of this Order. Nothing contained in this provision alters the burden of the party designating the documents or

information as "Confidential" of establishing confidentiality—this burden remains on the party designating the documents or information as "Confidential."

7. **Privileged Documents.** In the event documents which are claimed to be privileged are inadvertently produced, such documents shall be returned by the receiving parties to the producing party within two (2) days of any written request therefor, unless the receiving parties challenge the privileged nature of the document(s), in which case the producing party shall make application to the Court for return of the document(s). While such application is pending, the receiving parties shall not use or divulge the contents of such document(s) except to the Court under seal. The inadvertent production of any document claimed to be privileged shall not constitute a waiver of any such privilege.

8. **Use of Confidential Documents and Information in This Lawsuit** Except as otherwise may be provided in this Order, Confidential Documents and Information shall be used solely for purposes of this litigation. For the avoidance of doubt, nothing herein shall prevent any of the parties from using Confidential Documents and Information in connection with any trial, hearing, or other proceeding in this matter or from seeking further protection with respect to the use of any such materials in connection with such trial, hearing or other proceeding in this matter

9. **Filing and Sealing.** To the extent any party seeks leave to file Confidential Documents and Information with the Court under seal, such request shall be made in conformity with the Local Rules of this district, including W.D.N.C. Local Civil Rule 6.1.

10. **If Confidential Documents Are Subpoenaed.** If counsel for any party to this Order should receive a notice(s) of subpoena or any other request for production of Confidential Documents and Information that have been hereby disclosed under the terms of this Protective Order, that party's counsel shall , if the request is made in fewer than ten (10) days for compliance,

5

within two (2) days, or if more than ten (10) days, at least seven (7) business days prior to the due date of compliance, notify the counsel for the other parties to this Order in writing and via facsimile or e-mail. The subpoenaed party shall have the responsibility of obtaining relief from the subpoena, order, or other request for production prior to the date for compliance and shall not produce the Confidential Documents and Information without an Order of a Court of competent jurisdiction compelling production.

11. **Disposal at the Conclusion of This Action.** At the conclusion of this action, if not sooner, all Confidential Documents and Information, and all copies thereof, shall be returned to the counsel for the applicable Party. At the conclusion of this action, however, counsel for the Parties may retain their work product materials, including any working copies of Confidential Documents and Information upon which they have made substantive notations. Any such work product materials retained by counsel shall remain subject to this Order, and these attorneys shall remain subject to the jurisdiction of this Court. After the termination of this case, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the parties and Qualified Persons for the enforcement of the provisions of this Order.

12. **Amendments.** Nothing in this Order will prejudice any party from seeking amendments broadening or restricting the rights of access to, and the use of Confidential Documents and Information, or from contesting the designation of a Confidential Document or a Qualified Person.

13. **No Waiver.** It is acknowledged that the terms of the Order shall not be construed as a waiver of any other discovery objection properly within the scope of the Rules of Civil Procedure.

14. **Enforcement.** Any person or entity who is shown to have made an unauthorized disclosure of information protected by this Order shall be subject to civil contempt, attorney's fees, actual damages caused by the disclosure, or any other penalties that may be imposed by the Court as justice requires. Compliance with the terms of this Order shall serve as compliance with any other pre-existing obligation of confidentiality previously imposed upon any party by the North Carolina General Statutes and/or private agreement.

15. **Reservations of Rights.** Nothing in this Order shall prevent any party from disclosing its own confidential information to any person as it deems appropriate, and any such disclosure shall not be deemed a waiver of any party's rights or obligations under this Order.

Nothing herein shall be construed to restrict any party's use of information that is possessed or known prior to disclosure by another party, or is public knowledge or which shall become public knowledge during the course of this Litigation, or is independently developed or acquired from an independent source.

**SO ORDERED**.

Signed: February 13, 2023

David C. Keesler
United States Magistrate Judge

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CASE NO. 3:22-CV-049-DCK**

| | |
|---|---|
| VIZA ELECTRONICS, LLC,<br><br>               **Plaintiff,**<br><br>v.<br><br>PARADIGM CLINICAL RESEARCH INSTITUTE, INC., RAM DANDILLAYA, MD, and JUAN DE BORBÓN Y DE ROJAS (a/k/a JON ROJAS),<br><br>               **Defendants.** | **CONSENT CONFIDENTIALITY AND PROTECTIVE ORDER** |

      I, _____, being first duly sworn, depose and state the following:

      I certify that I have read the Protective Order dated _____ and entered in the above-captioned case before reviewing or receiving access to the content of any of the documents subject to the provisions of this Protective Order.

      I understand and agree that I am personally bound by and subject to all of the terms and provisions of the Protective Order. Specifically, I understand that I may not make copies of any Confidential Documents and Information, and I must return any and all copies of Confidential Documents and Information in accordance with the terms of the Protective Order.

      I understand that the unauthorized disclosure of a document or information protected by the Protective Order may constitute breach of this Declaration and Agreement and may subject me both to the contempt powers of the courts of North Carolina or the Federal Courts of the United States of America, and to liability to others.

Upon request, but no later than thirty (30) days following a final resolution of this action, I agree promptly to return all documents or materials protected by the Protective Order to the person or entity from whom I received the documents or materials, and I will not retain copies of these documents or materials.

I subject myself to the jurisdiction and venue of said Court for purposes of enforcing this Affidavit and Agreement and the Protective Order.

_____

Print name: _____